[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11063

_____

D.C. Docket No. 2:13-cv-00624-VEH

ERNESTEEN JONES,

Plaintiff - Appellant,

versus

NOVARTIS PHARMACEUTICALS COMPANY,
A corporation,

Defendant,

NOVARTIS PHARMACEUTICALS CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 30, 2018)

Before WILSON, JORDAN, and HIGGINBOTHAM,[*] Circuit Judges.

PER CURIAM:

Ernesteen Jones appeals the district court's exclusion of testimony (either in whole or in part) offered by her four experts, as well as the district court's grant of summary judgment in favor of Novartis Pharmaceuticals Corporation. After careful review of the record, the parties' briefs, and with the benefit of oral argument, we find no reversible error and, accordingly, affirm.

Ms. Jones offered the testimony of Dr. William Banks Hinshaw, who opined that general causation was established between the medication Reclast and atypical femur fractures. "General causation refers to the 'general issue of whether a substance has the potential to cause the plaintiff's injury.'" *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1306 (11th Cir. 2014) (quoting *Guinn v. AstraZeneca Pharms. LP*, 602 F.3d 1245, 1248 n.1 (11th Cir. 2010)).

The district court determined that Dr. Hinshaw, although qualified, employed unreliable methodologies in reaching that conclusion and excluded his testimony in full. *See* Fed. R. Evid. 702(c) (requiring admissible expert testimony to be "the product of reliable principles and methods"); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993) (discussing factors in evaluating reliability of a methodology). "[W]e must affirm [this conclusion] unless we at

---

[*] Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard." *McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005) (quotation marks omitted).  Nothing in our review of the record, including Dr. Hinshaw's deposition testimony, expert reports, and supporting exhibits, leads us to believe that the district court committed a "clear error of judgment," *id.*, or that its decision was "manifestly erroneous," *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005), so we affirm the district court's exclusion of Dr. Hinshaw's general causation opinions.

We agree with the district court that this case falls within *McClain*'s second category and that, therefore, Ms. Jones was required to offer admissible testimony on general causation.  *See McClain*, 401 F.3d at 1239.  She conceded as much at oral argument, stating that she "need[s] Dr. Hinshaw."  Because the district court did not abuse its discretion in excluding Dr. Hinshaw's general causation opinions, summary judgment in favor of Novartis was appropriate.  *See Chapman*, 766 F.3d at 1316 (noting that the plaintiff was "*required* to have *Daubert*-qualified, general and specific-causation-expert testimony that would be admissible at trial to avoid summary judgment") (emphasis in original).

Having concluded that summary judgment was appropriate due to the exclusion of Dr. Hinshaw, we need not analyze whether the district court erred in excluding or limiting the testimony of Ms. Jones' remaining three experts.

3

**AFFIRMED**.